UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 22-CR-97 (RCL) |
| | : | |
| **JAMES A. FOREMAN** | : | Mot. Hrg.: October 7, 2022 |

**GOVERNMENT'S SUPPLEMENTAL MOTION TO INTRODUCE EVIDENCE
PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves to supplement its initial motion for the admission of certain evidence pursuant to Federal Rules of Evidence 401 and 404(b). *See* ECF No. 18. This supplemental motion principally relies on additional materials discovered through the government's continued investigation of this matter, particularly extractions from the complainant's phone, as well as the following memorandum of points and authorities.

**I.      BACKGROUND**

The government incorporates by reference the factual background covered in its prior Motion to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b). *See* ECF No. 18 at 1-3. In summary, on June 1, 2021, Defendant and his former partner, the victim in this case, E.M., became embroiled in a dispute as they were driving in and around the Deanwood neighborhood of Washington, D.C. At some point, E.M. got out of the car Defendant was driving and attempted to leave. Defendant continued to follow her around attempting to engage her, culminating in Defendant brandishing a firearm and shooting E.M. in the leg, after which Defendant pistol-whipped her in the face. With E.M. shot, pistol-whipped, and apparently unable to walk under her own power, Defendant moved her back into his vehicle, threatened to kill her and himself if she

attempted to leave, and then drove off. Ultimately, Defendant held E.M. against her will for eight days, as they drove throughout D.C., Maryland, Virginia, and North Carolina, prior to relinquishing her in response to demands from law enforcement.

As the government noted in its initial motion, the shooting and armed abduction took place in the context of a repeated pattern of stalking, harassing, and threatening behavior on the part of the Defendant toward E.M. *Id.* at 3. The government discussed some anticipated testimony in this regard in the earlier filing. *Id.* at 3-4. Furthermore, it argued that this history of behavior in the context of the Defendant and E.M.'s relationship was necessary to (i) show how Defendant managed to wield power and control over the victim by an assortment of manipulation, cajoling, and threats, such that E.M. did not feel able to leave even when presented with the opportunity to do so, and (ii) explain the overall context within which the actions of June 1, 2021 through June 9, 2021 took place.

## II.  ADDITIONAL EVIDENCE SOUGHT FOR ADMISSION

The government has now come into possession of additional evidence, in the form of numerous social media messages / text messages sent from an account and telephone number associated with Defendant to an account and number associated E.M. in the weeks preceding the shooting.[1] The messages detailed Exhibit 1 to the instant motion help explain why E.M.'s actions during her abduction and her reaction to being held by the Defendant for several days. The messages also provide insight into Defendant's state of mind at the time of the kidnapping and show his motive and intent. Given that the government must prove at trial beyond a reasonable doubt that the Defendant acted *knowingly* and *willfully*, evidence of his intent, as shown through

---

[1] This evidence was initially disclosed on July 25, 2022 to counsel for Defendant Foreman, pursuant to a protective order put in place for certain types of materials, including cell phone extractions. *See* ECF No. 14. The extraction has been marked "Sensitive" pursuant to the terms of that protective order, *see id.* at ¶7, and thus, the exhibit is being filed under seal, *id.* at ¶8.

the persistent barrage of text messages detailed below, is relevant to a material issue at trial and is not being of offered to show propensity. *See United States v. Lieu*, 298 F. Supp. 3d 32, 52 (D.D.C. 2018) ("[T]o be relevant, the Government's proposed Rule 404(b) evidence does not have to prove the Defendant's intent, it need only make it more probable that the Defendant possessed the requisite intent. What matters is that the evidence be relevant to show a pattern of operation that would suggest intent and that tends to undermine the defendant's innocent explanation.) (citations omitted).

Furthermore, there are no other procedural bars to the admission of this evidence at trial. While the text messages must be relevant under Federal Rule of Evidence 401, and to be relevant they must have been exchanged between E.M. and Defendant Foreman, the government will not have difficulty making that showing by a preponderance of the evidence, the applicable standard here. *See United States v. Roberson*, No. CR 21-102 (JDB), 2022 WL 35643, at *7 (D.D.C. Jan. 4, 2022) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. Accordingly, as required by Rule 104(b) and Huddleston, the Court will "examine[ ] all the evidence in the case and decide[ ] whether the jury could reasonably find the conditional fact ... by a preponderance of the evidence."); *see also Huddleston v. United States*, 485 U.S. 681, 689 (1988) ("[S]imilar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor."). The government will present evidence showing that the phone number ending in 7694 belonged to and was used by the complainant in this case (appearing in green in Exhibit 1), while the phone number ending in 9546 was associated with and used by Defendant Foreman (which appears in blue in Exhibit 1). More specifically, the number ending in 7964 comes from a mobile phone that was recovered in the middle of the 1400 block of Olive Street NE

after the complainant was shot and which the complainant later claimed to be hers. The extraction, performed pursuant to a search warrant that was later obtained for this device, revealed that the various accounts (social media, email, etc.) that were associated with the phone all had some variation of the complainant's name in them. Moreover, in his text messages to this particular number, the Defendant refers to the complainant by her name. With respect to number belonging to Defendant Foreman, an independent witness told investigators that the number ending in 9546 belonged to him and that the witness had communicated with him at this number. Additionally, E.M., in her text messages to that number, uses Defendant Foreman's various nicknames in addressing him, and Foreman signed at least one of his texts using his initials. With respect to the Facebook messenger chat messages referenced in Ex. 1, pp. 2-3, the complainant's Facebook username is consistent with her name and while the Defendant's username does not bear any similarity to his actual name, the complainant refers to him in the messages as "Jay" and at least one other nickname.[2]

## III. CONCLUSION

WHEREFORE, the government hereby requests that it be permitted to introduce certain evidence of uncharged acts at trial.

---

[2] If the challenge were styled as one of lack of foundation for purposes of authentication under Federal Rule of Evidence 901, the standard is similarly not burdensome and one that the government surpasses in this case with respect to the text messages for the reasons noted above. *See United States v. Barnes*, 803 F.3d 209, 217 (5th Cir. 2015) ("Although [the witness] was not certain that Hall authored the messages, conclusive proof of authenticity is not required for the admission of disputed evidence."); *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009) ("Evidence must be authenticated to support a finding that the matter in question is what its proponent claims. This is not a burdensome standard. Testimony by a witness with knowledge that the matter is what it is claimed to be can be enough to prove the thing's authenticity. The ultimate responsibility for determining whether evidence is what its proponent says it is rests with the jury.")

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

_/s/_____
WILL HART
ZACHARY HORTON
Assistant United States Attorneys
D.C. Bar No. 1029325 (Hart)
D.C. Bar No. 1630684 (Horton)
601 D Street, N.W.,
Washington, D.C. 20530
202-730-5711 (Hart)
202-815-9018 (Horton)
William.hart@usdoj.gov
Zachary.horton@usdoj.gov